UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JEAN R.,<br><br>                              Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 22cv485-GPC(DEB)<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**<br><br>**[Dkt. No. 23.]** |

Before the Court is a motion for approval of attorney's fees in favor of Plaintiff's counsel, Troy D. Monge, Esq., in the amount of $14,860.46 pursuant to 42 U.S.C. § 406(b). (Dkt. No. 23.) Defendant Martin O'Malley, Commissioner of Social Security, ("Defendant") filed a response declining to take a position on the motion. (Dkt. No. 25.) Plaintiff's counsel filed a reply which included a declaration from Plaintiff in support of and approving the request for attorney fees. (Dkt. No. 26-1 at 1.) For the reasons set forth below, the Court GRANTS the motion.

## Background

On April 8, 2022, Plaintiff filed a complaint seeking review of the Commissioner of Social Security's decision to deny her supplemental security income. (Dkt. No. 1.) After Plaintiff filed a motion for summary judgment, on October 6, 2022, the parties filed

a joint motion to remand the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), which the Court granted.  (Dkt. Nos. 17, 18.)  On November 14, 2022, the Court awarded attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA") in the amount of $3,608.63 pursuant to the parties' joint motion.  (Dkt. Nos. 19, 20.)

On remand and consideration of Plaintiff's claim, around May 16, 2024, Plaintiff was awarded monthly Supplemental Security Income in the amount of $1,182.94 starting June 2024 and $59,441.96 in past-due benefits.  (Dkt. No. 23-2.)

On July 17, 2024, Plaintiff's counsel filed the instant motion pursuant to 42 U.S.C. § 406(b) seeking $14,860.46 in attorney's fees representing 25% of the past-due benefits.  (Dkt. No. 23.)  Defendant filed a response taking no position in the amount that is sought by Plaintiff's counsel.  (Dkt. No. 25.)  Plaintiff's counsel filed a reply and attached a declaration from Plaintiff approving the amount sought in the attorney's fees.  (Dkt. No. 26.)

## Discussion

### A. Legal Standard

42 U.S.C. § 406(b) permits the Court, upon "entering judgment in favor of [a social security disability] claimant who was represented by an attorney," to "determine and allow as part of its judgment a reasonable fee for such representation" up to "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)).  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The fee is payable out of the plaintiff's past-due benefits, not in addition to them.  42 U.S.C. § 406(b)(1)(A).

"[Section] 406(b) does not displace contingent fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Gisbrecht*, 535 U.S. at 808-09; *see also Crawford*, 586 F.3d at 1148

(quoting *Gisbrecht,* 535 U.S. at 793, 808) ("a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney client fee arrangements,'. . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'")  Therefore, district courts must first look at the contingent-fee agreement, and then determine whether the fees are reasonable. *Gisbrecht,* 535 U.S. at 808.  Section 406(b) requires the courts to conduct an independent check to assess the reasonableness of the fee request in light of the particular circumstances of the case. *Id*. at 807.  While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Id.* at 808.  Fees may be subject to reduction if the attorney is responsible for delays or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*  Courts should also look at the attorney's record of hours worked. *Id.*

District courts are generally "deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the *de facto* hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).  Additionally, a section 406 fee award must be offset by any award of attorney's fees granted under EAJA as long as the EAJA award is the lesser of the two awards. *Gisbrecht*, 535 U.S. at 796.

**B.     Analysis**

On March 29, 2022, Plaintiff and her counsel entered into fee agreement entitled "Fee Agreement-Federal Court."  (Dkt. No. 23-1.)  Under the terms of the contingency fee agreement, Plaintiff agreed and understood that her attorney may petition the Social Security Administration and/or the federal court for attorney's fee approval of "up to 25% of past-due benefits" and that an approved attorney's fees may exceed $6,000 and the effective hourly rate may exceed well over $1,000 per hour. (*Id.*)

Plaintiff was awarded $59,411.86 in past-due benefits; therefore, her counsel seeks $14,860.46 in attorney's fee which represents 25% of the past-due benefits and the amount being withheld by the Commissioner.  (Dkt. No. 23; Dkt. No. 23-2.)  This

includes 15 hours of attorney time and 1.2 hours of clerical time. (Dkt. No. 23-3.) Based on the amount sought, counsel seeks an effective hourly rate of $990.69.

After a review of the record, there is nothing to support a reduction of the requested fees such as dilatory conduct or other performance by counsel. *See Gisbrecht*, 535 U.S. at 808. The Court has considered the results achieved by counsel which include not only past-due benefits, but also future on-going benefits. According to the billing records, counsel expended 15 hours on the case which is not excessive. It appears that counsel skillfully and efficiently resolved the case in Plaintiff's favor. Further, counsel's effective hourly rate of $990.69 is in line with other attorney fee awards he has received and other courts have approved. *See Bradley H. v. Comm'r Soc. Sec. Admin.*, 18cv3611-AFM, Dkt. No. 38 (C.D. Cal. June 22, 2020) (approving effectively hourly rate of $1,709.00 to Troy Monge); *Yolanda E. v. Comm'r Soc. Sec. Admin.*, 21cv8704-AGR, Dkt. No. 27 (C.D. Cal. Mar. 4, 2023) (approving effective hourly rate of $2000 to Troy Mange); *see also Crawford*, 586 F.3d at 1145-46, 1153 (approving de facto hourly rates of $519, $875, and $902 in 2009); *Roland S. v. Kijakazi*, No. 20-cv-1068, 2023 WL 6966153, at *3 (S.D. Cal. Oct. 20, 2023) (approving an effective hourly rate of $1,438.35); *Desiree D. v. Saul*, No. 19-cv-01522, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving an effective hourly rate of $1,494.34). Finally, Plaintiff filed a declaration in support of her attorney's fee request. Therefore, after an independent review of the case, the Court concludes that the attorney's fee of $14,860.46 sought by Plaintiff's counsel pursuant to § 406(b) is reasonable.

## Conclusion

For the reasons stated above, the Court GRANTS the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $14,860.46 payable to the Law Offices of Troy D. Monge, APC. Upon receipt of said sum, Attorney Troy D. Monge shall refund $3,608.63 in EAJA fees to Plaintiff Mary Jean R. The hearing date set for

/ / /

/ / /

1 | September 20, 2024 shall be **vacated.**

2 |     **IT IS SO ORDERED.**

3 | Dated:  September 10, 2024

Hon. Gonzalo P. Curiel
United States District Judge